UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
LARRY MIKORENDA,

                              Plaintiff(s),                    **ORDER**
                                                              CV 04-1857  (TCP) (WDW)

              -against-

TOWN OF BROOKHAVEN, et al.,

                              Defendant(s).
--------------------------------------------------------X

**WALL, Magistrate Judge:**

        Before the court is defendants' letter application dated February 11, 2005, seeking an

order quashing the Notice of Deposition served on defendant John LaValle, the Brookhaven

Town Supervisor and for a protective order either precluding Supervisor LaValle's deposition or

limiting it.  Plaintiff opposes the application in a letter dated April 18, 2005.[1]  The defendants'

motion is denied.

        Plaintiff alleges that he was wrongfully terminated from his job as a driver/messenger

with the Town of Brookhaven in retaliation for actions he took in his role as a Republican

Committee Person and for having members of the Democratic Party on his local public access

television show.  He now seeks to depose defendant LaValle regarding his role in the

termination.

        "Depositions of high level government officials are permitted upon a showing that: (1)

the deposition is necessary in order to obtain relevant information that cannot be obtained from

any other source and (2) the deposition would not significantly interfere with the ability of the

---

[1]The parties made significant efforts to resolve this issue, and plaintiff's time to respond
to the motion was extended to allow those discussions to take place.  Thus, the opposition was
timely filed.

official to perform his governmental duties." *Marisol A. v. Giuliani,* No. 95 Civ. 10533 (RJW), 1998 WL 132810, *2 (S.D.N.Y. March 23, 1998). The first prong of this standard "requires that the deposition be necessary to obtain relevant information not available from other sources." *Id.* at *3. Moreover, depositions of high ranking government officials should only be permitted if that official "has unique personal knowledge that cannot be obtained elsewhere." *Id.; see also L.D. Leasing Corp. v. Crimaldi,* 91 Civ. 2430 (EHN), 1992 WL 373732, *1 (E.D.N.Y. Dec. 1, 1992) (plaintiff must show that the official had "particularized first-hand knowledge that cannot be obtained from any other source"). Defendants argue that plaintiff should be precluded from taking LaValle's deposition since plaintiff has not shown that LaValle has unique or particularized knowledge of the relevant facts.

Courts often grant protective orders in cases where a high ranking official provides an affidavit or declaration stating that he has no first-hand knowledge of the facts or circumstances at issue. *See, e.g., Eldaghar v. City of New York Dep't of Citywide Admin. Serv.,* No. 02 Civ. 9151 (KMW), 2004 WL 421789, at *2 (S.D.N.Y. March 5, 2004); *Friedlander v. Roberts,* Nos. 98 Civ. 1684, 98 Civ. 8007 (RMB), 2000 WL 1471566, at *3 (S.D.N.Y. Sept. 28, 2000). LaValle has not stated, by affidavit or otherwise, that he possesses no relevant or personal knowledge relating to this case. Instead, he argues that he does not have unique or particularized knowledge of the relevant facts, and that whatever information he does possess may be obtained from alternative sources.

The nature of the allegations in this case makes it distinguishable from many of the cases in which a protective order was granted. This is not a case where the high-ranking official's testimony is sought regarding policy decisions made by that official in conjunction with other

officials.  *See, e.g., Marisol A.,* 1998 WL 132810, at *1 (protective order precluding Mayor's deposition granted where information regarding investigation of Child Welfare Administration could be obtained from other officials); *L.D. Leasing Corp.,* 1992 WL 373732, at *1 (protective order precluding Mayor's deposition granted where Mayor had no first-hand knowledge of property seizures at issue and other officials testified about the policy).  Nor is this a case where plaintiff was unknown to the high-ranking official or the latter had no personal knowledge of relevant facts.  *See, e.g., Eldaghar v. City of New York Dep't of Citywide Admin. Serv.,* 2004 WL 421789, at *2 (protective order precluding former high-ranking official's deposition granted where official was not directly involved in and had no knowledge of events in suit).

In this case, plaintiff alleges that LaValle, a named defendant, was directly involved with his termination.  It is uncontested that LaValle knew who plaintiff was and, according to plaintiff's testimony, the two spoke on many occasions. While in some instances plaintiff alleges that third parties were present (see Transcript of Mikorenda 50-H Hearing (attached to defendants' motion as Exhibit A) at 121:20-122:21), plaintiff also testified to at least one situation in which he was alone with LaValle.  Id. at 61:19-62:9.  The affidavit of Edward Hennessey also raises a question as to LaValle's involvement in putting forth the resolution that permanently eliminated plaintiff's job.  Although some of the information sought by plaintiff may be obtained from alternate sources, the court finds that under the circumstances of this case, there is a strong possibility that defendant LaValle possesses unique or particularized information relevant to plaintiff's case.

As to the second prong, defendants have not suggested that a brief deposition would materially interfere with the performance of LaValle's duties.   Accordingly, defendants' motion

to quash the Notice of Deposition and for a protective order precluding plaintiff from taking LaValle's deposition is denied.  The deposition will be scheduled at a time and place least disruptive to the performance of LaValle's official duties and will last no more than 3 hours.

Dated: Central Islip, New York     **SO ORDERED:**
   May 23, 2005


             /s/ William D. Wall
            WILLIAM D. WALL
            United States Magistrate Judge